Dominio S. Rinaldi, J.
Plaintiff, individually and on behalf of others allegedly similarly situated, in this action for a declaratory judgment, moves by order to show cause for a temporary injunction to restrain the defendant city agencies from informing and directing tenants to pay a $15 increase for the months of August, September and October, 1970, totaling $45, to those landlords who made proper application therefor pursuant to legislative mandate.
The City Council of the City of New York on June .26, 1970 enacted Local Law No. 30, which was approved by the Mayor on July 10, 1970 and became law on July 23, 1970 upon being filed with the Secretary of State, effective August 1,1970. This law authorized the specific monthly payments of a flat $15. It *617 is significant that plaintiff does not challenge the validity of the rent control statute, as amended, but objection is made only to “ its effective date,” i.e., August 1, 1970.
The defendants oppose plaintiff’s motion for a temporary injunction, urge its denial, and cross-move for summary judgment pursuant to CPLR 3212 to dismiss the instant complaint on the ground that no justiciable issue is presented.
The amendment to the rent control law (Administrative Code of City of New York, § Y51-5.0, subd. a, par. [2]), as here pertinent, provides: 1 ‘ effective August first, nineteen hundred seventy, the maximum rent in effect on July thirty-first, nineteen hundred seventy shall be adjusted as follows: * * *
“ (b) Where the maximum rent in effect on July thirty-first, nineteen hundred seventy for any individual housing accommodation is less than sixty dollars per month such rent shall be increased effective August first, nineteen hundred seventy by * * * fifteen dollars per month where the housing accommodation is comprised of more than three rooms.” To carry out the legislative intent, this law provided further (§ Y51-5.0, subd. a, par. [2], subpar. [e]): “ The rent increases provided for in this paragraph (2) shall be collectible upon the landlord’s filing a report with the city rent agency on forms to be prescribed by such agency * * *. If such report is filed on or before October thirty-first, nineteen hundred seventy, the increase shall take effect August first, nineteen hundred seventy. If the report is filed thereafter, such increase shall take effect with the first rental payment following filing.” Plaintiff claims that he and other tenants in rent controlled apartments are being deprived of their property without due process because of the requirement that the $15 flat payments are retroactive; that defendants are disseminating incorrect advice and misinformation by directing the tenants to pay the automatic increase referred to as exemplified by a printed booklet defendants furnish gratis to those tenants and landlords who request same: that upon inquiry at the district rent office as to whether plaintiff must pay said increase retroactively since the landlord had not demanded same prior to October 20, 1970, the unequivocal answer received was 1 ‘ that plaintiff owed the increase retroactively to August 1, 1970, and was to pay it to his landlord. ’ ’ That such advice, plaintiff contends, 11 is incorrect and wrongful, in that * * * a tenant need pay to a landlord only that which they have agreed upon and the landlord has actually demanded.” Movant further asserts that such misinformation resulted in tenants all over the city paying *618 their landlords the maximum rent increases retroactively to August 1, 1970 and “ The injuries suffered by them may prove to be serious and irrevocable if defendants are not enjoined from continuing their activities ”.
In sum, plaintiff urges that the court expunge the date of “ August 1, 1970 ” from the statute and in its place declare a different date which he contends would save each rent controlled tenant who is subject to this mandate the. sum of $45; that this additional rent demanded, although mandated by statute, is violative of the landlord-tenant agreement; that in any event, under the laws governing rent controlled structures, increases in rent may only be directed by “ order ” of the Bent Administrator as provided in the New York City Administrative Code (§ Y51-5.0, subd. j), which states: “No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued ’ ’.
Brushing aside the other claims of the plaintiff, concededly, the main thrust of his attack, albeit admitting the validity and constitutionality of the statute, is only as to the “ effective date ’ ’ of the legislative enactment which directs retroactive additional $15 payments for the months of August, September and October, 1970. In fixing a definitive effective date in the subject valid statute, the question of the wisdom of this legislative enactment, which includes the challenged effective date, is not for the courts to decide (Grossman v. Baumgartner, 17 N Y 2d 345, 350). Beyond question, prior to the adoption of this statute by the New York City Council, hearings were conducted by the Council’s Committee on Housing with respect to the need for this legislation and the Committee recommended its adoption (City Record, July 14, 1970, pp. 2997, 2998), and the effective date (Aug. 1, 1970) was incorporated therein for good reason. Plaintiff’s request that the court change such date is wholly without merit for the court may not substitute itself for the city legislature (Matter of Spillane v. Katz, 25 N Y 2d 34, 37); “ and in the long run it is better to adhere closely to this principle and leave it to the Legislature to correct evils if any exist.” (Bright Homes v. Wright [Herman], 8 N Y 2d 157, 162.) Pertinent and analogous here is the language of the Court of Appeals in Wasservogel v. Meyerowitz (300 N. Y. 125, 132): “ The tenants argue that any regulation, or any order, raising rents retroactively without giving the tenants such notice as would give them an opportunity to move out before the effective dates of the increases deprives the tenants, unconstitutionally, of due process. Though we realize *619 the hardship as to tenants, of dating increases bach several months, we are unable to see anything unconstitutional in such a practice * * *. Fixation of the maximum amount to be paid * * * as rent * * * is not a judicial but a legislative act * * *. But no property or vested right of the statutory tenant is taken when his rent is raised.. A tenant * * * is exercising a privilege granted him by law, and with the benefits thereof [as statutory tenant] he must bear the burdens, including that created by the danger that government may allow his landlord to charge a higher rental, and that retroactively.” (Emphasis supplied.) It is clear that the automatic flat increase directed by the legislative body (the City Council) included the effective date, which it was empowered to do, having been given the full authorization by the State Enabling Act (L. 1962, ch. 21) so to do. Defendants are but a public agency of this city who administers this legislation.
Upon meticulously considering the posture of the 'plaintiff assumed here, the court finds his motion for a temporary injunction is without merit and it is accordingly denied. The cross motion of the defendants to dismiss the plaintiff’s complaint is granted.